**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Safevak, LLC,

Plaintiffs,

vs.

Schneider National Carriers, Inc.,

Defendants.

Case No. 2:25-cv-01834-CDS-MDC

**REPORT AND RECOMMENDATION TO DISMISS CASE**

**AND**

**ORDER DENYING MOTION TO COMPEL (ECF NO. 16) DISCOVERY AS MOOT**

The Court previously ordered the plaintiff Safevak, LLC to retain licensed counsel. *ECF No. 14*. Plaintiff did not comply with the Court's order. The Court issued an Order to Show Cause, warning that this case would be dismissed if plaintiff did not comply with the Court's order to retain counsel. ECF No. 18 (citing cases regarding a corporation's inability to appear in federal court without licensed counsel). Plaintiff has not filed anything, or otherwise complied with the Court's Orders, and the deadline to do so has passed. It appears that plaintiff has abandoned this case.

For the reasons discussed in the Court's prior orders (ECF Nos. 14 and 18), the Court **RECOMMENDS** that this case be dismissed. Given that the Court is recommending dismissal, the Court also **DENIES** the pending *Motion to Compel* (ECF No. 16) **AS MOOT.**

## I. LEGAL STANDARD

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action

based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987)).

## II. ANALYSIS

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiffs' claims. Plaintiff has chosen not to comply with this Court's Orders. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a Court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the Court's Order as

satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

This Court cannot operate and litigation cannot progress without a plaintiff's compliance with Court orders. The only alternative is to enter another order setting another deadline. Issuing another order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal. Plaintiff will not be prejudiced by this Report and Recommendation because plaintiff will have an opportunity to object.

After weighing these dismissal factors, the Court finds that they weigh in favor of dismissal. Plaintiff has apparently abandoned this case. For the reasons discussed in this Order and the Court's earlier Orders (ECF Nos. 14 and 18), plaintiff's case should be dismissed.

**IT IS RECOMMENDED THAT** this case be **DISMISSED**.

**IT IS ORDERED** that defendant's *Motion to Compel* (ECF No. 16) is **DENIED AS MOOT.**

Dated: October 6, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**